CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

JAN 12 2007

JOHN F. CORCORAN, CLERK
BY: /s/ K. Dotson
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. 5:06cr00038-1 |
| ) | |
| v. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| CELESTE JOSEPH, ) | |
| ) | By:   Hon. James G. Welsh |
| Defendant ) | U.S. Magistrate Judge |
| ) | |

The Grand Jury previously returned a multi-count Indictment charging this defendant in Count One with participation in a criminal conspiracy to distribute in excess of fifty (50) grams of cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 846; in Count Two with engaging in a continuing criminal enterprise, in violation of Title 21, United States Code, Section 848; in Count Three with the criminal distribution of 1.64 grams of "crack" cocaine on or about December 28, 2004, in violation of Title 21, United States Code, Section 841(a) and 841(b)(1)(C); in Count Four with participation, either as a principal or as an aider and abetter, in the criminal distribution of 27.7 grams of "crack" cocaine on or about June 21, 2005, in violation of Title 21, United States Code, Sections 841(a) and 841(b)(1)(B) and Title 18, United States Code, Section 2; in Count Five with the criminal distribution of 26.5 grams of "crack" cocaine on or about July 13, 2005, in violation of Title 21, United States Code, Section 841(a) and 841(b)(1)(B); in Count Six with participation, either as a principal or as an aider and abetter, in the criminal distribution of more than 5 grams of "crack" cocaine on or about May 25, 2006, in violation of Title 21, United States Code, Sections 841(a) and 841(b)(1)(B) and Title 18, United States Code, Section 2; and in Count Seven with participation, either as a principal or as an aider and abetter, in the criminal distribution

of 37.4 grams of "crack" cocaine on or about June 12, 2006, in violation of Title 21, United States Code, Sections 841(a) and 841(b)(1)(B) and Title 18, United States Code, Section 2. In connection with the said felony violations, forfeiture of property is also sought from this defendant in Count Twenty-Six in accordance with the provisions of Title 21, United States Code, Section 853. This defendant was previously arraigned and entered pleas of Not Guilty to each of the charges and, likewise, contested the forfeiture allegations. The defendant having now indicated an intent to change his plea to one or more of the Indictment counts, this case was referred to the undersigned for the purpose of conducting a plea hearing in accordance with the provisions of Title 28 U.S.C. § 636(b)(3).

The plea hearing was conducted before the undersigned on January 11, 2007. The defendant was, at all times, present in person and with his counsel, R. Darren Bostic. The United States was represented by Joseph W. H. Mott, Assistant United States Attorney. The proceedings were recorded by a court reporter. *See* Rule 11(g).

With the defendant's informed and written consent, the undersigned made the following Rule 11 inquiry. The government proffered its evidence for the purpose of establishing an independent basis for the plea, and the defendant entered a plea of guilty to Counts One, Four and Seven of the Indictment.

### A. DEFENDANT'S RESPONSES TO RULE 11 INQUIRY

The defendant was placed under oath and addressed personally in open court. He expressly acknowledged that he was obligated to testify truthfully in all respects under penalty of perjury, and

he stated that he understood the government's right, in a prosecution for perjury or false statement, to use against him any statement that he gives under oath. *See* Rule 11(b)(1)(A).

The defendant testified as follows: his full legal name is Celeste Joseph; he was born in 1962; he has a General Education Diploma; he can read and understand English without difficulty[1]; he has no medical condition (either physical or mental) which he believes might impair his ability to understand and to participate fully in the proceeding; he is using no medication or drugs which he believes might impair his ability to understand and to participate fully in the proceeding; he is not under the influence of any alcohol or medicine or drug of any sort; his mind is clear; and he knew that he was in court for the purpose of entering a plea of guilty which he could not later withdraw. His attorney represented to the court that he had no reservations about the defendant's competency to enter a plea of guilty.

After confirming that he had received a copy of the Indictment, the defendant testified that he fully understood the charges contained in the Indictment, that he had discussed them with his attorney, that he had been given ample time to do so, that he had also been given sufficient time to discuss any defenses he might have to any of the charges, and that he understood each charge was a felony. *See* Rule 11(b)(1)(G). He testified that he had been given adequate time to prepare any defenses he might

---

[1] On the basis of an initial appearance determination that the defendant's first language was Haitian Creole, a finding was made for him to have the assistance of an interpreter; however, his counsel represented to the court that he had been able to communicate with the defendant in English without difficulty and that the defendant had been able to read and discuss then contents of the plead agreement without any language difficulty. Counsel for the government also represented that several of the investigating agents had been able to communicate with the defendant in English without difficulty. The defendant further represented to the court that he had attended school in Miami and was able fully to understand the proceeding.

3

have to the charges contained in the Indictment and was fully satisfied with the services of his attorney. He stated that after consultation with his attorney, that it was his intention and desire to change his prior plea, to enter a plea of guilty to one or more of the charges, and for the court now to accept his proposed change of plea to Counts One, Four and Seven of the Indictment.

The defendant confirmed that he fully recognized and understood his right to have the Rule 11 hearing conducted by a United States district judge, and he gave his verbal and written consent to proceed with the hearing before the undersigned United States magistrate judge. The defendant's written consent was filed and made a part of the record.

The attorney for the government informed the court that the defendant's proposed change of plea was to be made pursuant to a written plea agreement. The government's understanding of the plea agreement was then stated in some detail, including the agreement for the government to dismiss Indictment Counts Two, Three, Five, Six and Twenty-Six to the extent that same applied to the defendant upon acceptance of his plea of guilty to Counts One, Four and Seven of the Indictment (¶ 2), the terms of the agreement's acceptance of responsibility provision (¶ 7), the defendant's obligation to pay a mandatory $300.00 assessment (¶¶ 2, 8) (*See* Rule 11(b)(1)(L)), the terms of the agreed offense characteristics (¶ 5), the defendants stipulated offense role (¶ 6), the defendant's obligation to provide a financial statement (¶ 10), the defendant's agreement that an advisory sentence should be calculated pursuant to the sentencing guidelines and his agreement that all facts pertinent to a determination of his offense level should be made pursuant to a preponderance of the evidence standard (¶ 4), the defendant's waiver of his right to a jury determination of any sentencing guidelines

issues (¶ 4), the defendant's waiver of her right to appeal any sentence (¶ 11) (*See* Rule 11(b)(1)(N)), the defendant's waiver of any right to make any 28 U.S.C. §2255 attack on the judgment or any part of the sentence in this case (¶ 12) (*See* Rule 11(b)(1)(N)), the agreement's terms regarding any evidence proffer (¶ 9), the terms of the agreement's substantial assistance provision (¶ 16), the agreement's forfeiture provisions (¶¶ 14, 17) (*See* Rule 11(b)(1)(J), and the substance of the agreement's other terms (¶¶ 1, 13, 15, 18-22).

After which, the defendant was again addressed in open court, and he stated his understanding was the same as that set forth by the government's attorney. Counsel for the defendant also represented that his understanding of the plea agreement was the same as that set forth by the government's attorney, and he further represented that he had reviewed each of the terms of the plea agreement with his client and was satisfied that the defendant understood all of its terms.

The defendant was then shown the original of the plea agreement; and he affirmed it to be his signature on the document. He further testified that no one had made any other, different or additional promise or assurance of any kind in a effort to induce him to enter a plea of guilty in this case and that no one had attempted in any way to force him to plead guilty in the case. The plea agreement was then received, filed and made a part of the record, and the undersigned noted for the record that the written Plea Agreement constituted the best statement of its terms, and as such it "speaks for itself."

The defendant testified that he understood and acknowledged that he was proposing to plead guilty to the felony of participation in a conspiracy to distribute in excess of fifty (50) grams of "crack" cocaine in violation of 21 U.S.C. § 846; to participation in the illegal distribution of 27.7 grams of

"crack" on or about June 21, 2005 in violation of 21 U.S.C. § 841(a) and 841(b)(1)(B) and 18 U.S.C. § 2 ; and to participation in the illegal distribution of 27.7 grams of "crack" on or about June 21, 2005 in violation of 21 U.S.C. § 841(a) and 841(b)(1)(B) and 18 U.S.C. § 2. See Rule 11(b)(1)(G). After the attorney for the government informed the defendant of the mandatory minimum penalty provided by law for the offense charged in Count One of the Indictment, the defendant acknowledged unequivocally that he understood ten (10) years imprisonment to be the mandatory minimum penalty which the court would be required to impose if his plea of guilty was accepted to Count One. [2] See Rule 11(b)(1)(I). After the attorney for the government informed the defendant of the mandatory minimum penalty provided by law for the offenses charged in Count Four of the Indictment, the defendant acknowledged unequivocally that he understood five (5) years imprisonment to be the mandatory minimum penalty which the court would be required to impose if his plea of guilty was accepted to Count Four. After the attorney for the government informed the defendant of the mandatory minimum penalty provided by law for the offenses charged in Count Seven of the Indictment, the defendant acknowledged unequivocally that he understood five (5) years imprisonment to be the mandatory minimum penalty which the court would be required to impose if his plea of guilty was accepted to Count Seven. The attorney for the government further informed the defendant of the maximum possible penalty provided by law for the offense charged Count One and for the offenses charged in Counts Four and Seven of the Indictment, and the defendant expressly acknowledged that he understood the maximum possible penalty provided by law for conviction of the felony set forth in Count One of the Indictment to be confinement in a Federal penitentiary for the remainder of his life and a $ 4,000,000.00 fine, that the maximum possible penalty provided by law

---

[2] The defendant was informed that he could be sentenced to less than ten years imprisonment if the government makes a motion pursuant to 18 U.S.C. § 3553(e) on his behalf.

for conviction of the offense charged in Count Four to be confinement in a Federal penitentiary for 40 years and a $2,000,000,00 fine, ant that the maximum possible penalty provided by law for conviction of the offense charged in Count Seven similarly to be confinement in a Federal penitentiary for 490 years and a $2,000,000.00 fine. *See* Rule 11(b)(1)(H). The defendant again testified that he fully understood the charge to which he proposed to plead guilty, that he knew it was a felony; that he knew and understood both the minimum and maximum penalties, including the mandatory special assessment of $300.00 he faced if convicted, and that his pleas, if accepted, would result in his being adjudged guilty of three felony offenses which may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm.

The defendant stated that he had discussed with his attorney how the Sentencing Commission Guidelines might apply in his case. He expressly acknowledged his awareness of the fact that the Guidelines were no longer mandatory, but would be applied by the court in an advisory fashion to determine a reasonable sentence. *See* Rule 11(b)(1)(M); *United States v. Booker*, 543 U.S. 220 (2005); *United States v. Moreland*, 437 F.3d 424 (4th Cir. 2006). He stated that he knew it was within the court's discretion not to apply the advice of the Guidelines and to impose a sentence either higher or lower than called-for in the Guidelines, so long as the sentence was not greater than the statutory maximum for the offense. *See* Rule 11(b)(1)(M).

The defendant testified that he understood the court would not be able to determine the recommended Guideline sentence for his case until after the presentence report had been completed and he and the government each had an opportunity to challenge the facts reported by the probation

officer. He acknowledged that he understood, irrespective of any sentence imposed by the court, he would have no right to withdraw his plea of guilty.

He expressly acknowledged his understanding that the court's determination of his sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and any need to provide for restitution (*See* Rule 11(b)(1)(K)).

The defendant testified that he knew, by pleading guilty to Counts One, Four and Seven, and stipulating a drug weight responsibility in excess of 1.5 kilograms of cocaine base (¶ 5), he was waiving his right to have a jury determine beyond a reasonable doubt the facts alleged in Counts One, Four, Seven, and those related to sentencing. He expressly acknowledged that, pursuant to the plea agreement, he was waiving his right to appeal his conviction, waiving his right to appeal any guideline sentencing issues, waiving his right to appeal any sentence of the court within the Guidelines on the grounds of unreasonableness, and waiving his right to challenge either his conviction or his sentence in any post-conviction proceeding.

The defendant's procedural rights surrendered on a plea of guilty were also explained, including: his right to persist in his previous pleas of not guilty to the offenses charged against him;

his right to a speedy trial; his right to a trial by jury; his right to be represented and to have the assistance of counsel at trial and at every other stage of the proceeding; his right at trial to see, to hear, to confront and to have cross-examined all adverse witnesses; his right to be protected from compelled self-incrimination; his right to testify and to present evidence in his defense; his right to the issuance of subpoenas, or compulsory process, to compel the attendance of witnesses to testify in his defense; his presumption of innocence; the obligation of the government to prove his guilt beyond a reasonable doubt; the right on his part to decline to testify unless he voluntarily elected to do so in his own defense; and his right to have a unanimous guilty verdict. *See* Rule 11(b)(1)(B)–(E). The defendant testified that he understood his right to persist in his plea of not guilty and each of the attendant rights that he knew he was giving-up by entering a guilty plea. *See* Rule 11(b)(!)(F).

He testified that he understood he would have no right to withdraw his plea, and would still be bound by his plea, even if the court's sentence is more severe than he expects or if the court does not accept any sentencing recommendation of the government.

The defendant stated that he knew his entry of a plea of guilty would mean that there would be no trial. He stated that he knew there would be only one more hearing, where the presiding district judge would determine whether there was a factual basis for the plea and what sentence to impose.

The defendant was informed and acknowledged that parole had been abolished. He stated that he knew he would not be released on parole in connection with any term of imprisonment imposed by the court. He further stated that he was aware and understood any sentence to a period of imprisonment would also include a term of post-incarceration "supervised release" lasting generally

from one to five years. *See* Rule 11(b)(1)(H). In addition, he stated that he knew any violation of the terms and conditions of supervised release could result in his being returned to prison for an additional period of time.

The defendant expressly acknowledged that the entry of a plea of guilty to Counts One, Four and Seven, constituted his admission of all of the elements of these three formal criminal charges, and without equivocation he testified that he was pleading guilty because he was in fact guilty of the crimes charged in these three counts of the Indictment.

To permit the court to determine that an independent factual basis existed both for the proposed plea and for the drug weight stipulation, by proffer counsel for the government outlined the evidence which the government was prepared to prove at trial. The defendant, both by counsel and individually, then confirmed the accuracy of the government's proffer. And in response to a further inquiry, the defendant testified that he had heard and understood all parts of the proceeding and that he still wished to plead guilty.

After consultation with his attorney, the defendant waived a reading of Counts One, Four and Seven of the Indictment, he entered a plea of GUILTY to said Count One alleging his violation of Title 21, United States Code, Section 846; a plea of GUILTY to Count Four alleging his violation of Title 21, United States Code, Section 841(a) and 841(b)(1)(B) and Title 18, United States Code, Section 2; and a plea of GUILTY to Count Four alleging his violation of Title 21, United States Code, Section 841(a) and 841(b)(1)(B) and Title 18, United States Code, Section 2. The defendant then executed the requisite form, and it was filed and made a part of the record.

In response to further questioning for the purpose of ensuring that his proposed plea was voluntary, the defendant again stated that (other than the promises expressly set forth in the written plea agreement) his plea did not result from any force, threats, or promises of any kind (See Rule 11(b)(2)), that his decision to plead guilty was in all respects voluntary on his part, and that it was being made with the advice and assistance of counsel.

After entering his plea as aforesaid, after an independent basis for his plea had been established and after being informed that the undersigned would recommend acceptance of his plea, the defendant reconfirmed that no one had forced him either to enter into the plea agreement or to plead guilty. He further reconfirmed that, other than the express terms of the plea agreement, no one had made him any promises of leniency or light sentence in order to induce him to plead guilty. Asked by the undersigned if he had any questions or wished to make any statement, the defendant stated that it was going to be very hard on this family for him to be sent to prison for a long time and he was very concerned about what will happen to his family because of his actions.

The defendant was then remanded to the custody of the United States Marshal, pending completion of a presentence report.

### B. GOVERNMENT'S EVIDENCE

To permit the court to determine that an independent factual basis existed for the defendant's proposed plea of guilty to Counts One, Four and Seven of the Indictment, counsel for the government proffered a detailed oral summary of the evidence which the government was prepared introduce at

11

trial to support the charges against the defendant. This included evidence to support the criminal conspiracy charge as outlined in Count One of the Indictment and the defendant's knowing participation in it. It included evidence that on December 28, 2004 the defendant met with an individual ("Informant #1") on Kent Street in Winchester, that Informant #1 there gave the defendant $200.00, that the defendant then went into the residence of Neda Davenport (an indicted co-defendant) and returned moments later with 1.64 grams of cocaine base ("crack") which he gave to informant #1 to complete the illegal drug sale.

Subsequently, on June 21, 2005 a second individual ("Informant #2") arranged an $1,100.00 "crack" buy from the defendant. Informant #2 met the defendant in the Hoss' Restaurant parking lot; they then drove to Big Lots in the Winchester area, and the defendant placed a cell phone call to Ms. Davenport. After Informant #2 and the defendant returned to Hoss', Ms. Davenport met them. After the defendant met with Ms. Davenport in her car, he returned to Informant #2's car, delivered 27.7 grams of "crack." to Informant #2, and received $1,100.00 in payment. Three weeks later, on July 13, 2005, the defendant negotiated a second $1,100.00 sale of "crack" to the same informant. On that occasion, Informant #2 met the defendant on the Golden Corral parking lot, received 26.5 grams of "crack" from the defendant, and paid him $1,100.00 in exchange.

On May 25, 2006, a third informant ("Informant #3") contacted Rhonda Dorsey (also an indicted co-defendant) to arrange a 1 oz. purchase of "crack." Pursuant to this arrangement, Informant #3 went to Ms. Dorsey's residence on North Avenue in Winchester. When this informant arrived the defendant and Ms. Dorsey were both present. After negotiating with Ms. Dorsey, the defendant gave Ms Dorsey 23.0 grams of "crack" which she then gave to Informant #3 in exchange

for the agreed purchase price. On June 12, 2006, Informant #3 again called Ms. Dorsey for the purpose of arranging a 2 oz. "crack" purchase. After telling this informant that she had moved and giving directions, Informant #3 and an undercover officer drove to Ms. Dorsey's new residence on Allen Drive in Winchester. As they arrived, they observed the defendant walk away from the residence, enter a car, and drive away with three children. In connection with this transaction, Informant #3 paid Ms. Dorsey $1,800.00 in exchange for 37.4 grams of "crack," and at that time Ms. Dorsey said that it had come from the same source. On June 22, 2006, the same informant negotiated a third purchase from Ms. Dorsey. This was to be a 4 oz. purchase for $4,600.00. In connection with this transaction, the defendant arranged with Ms. Dorsey for the "crack" to be delivered by on Eugene Lapoint (also an indicted co-defendant). After observing Mr. Lapoint come and go from Ms. Dorsey's residence, a warranted search of the residence was made. In connection therewith 111.6 grams was seized.

In addition, the government was prepared to present witness testimony at trial to show the defendant's transport of cocaine base from Florida to Virginia in an aggregate amount that exceeded 1.5 kilograms. The weight and content of all purchased and seized substances were confirmed by laboratory analysis.

### C.   FINDINGS OF FACT

Based on the evidence, the representations of counsel, and the defendant's sworn testimony presented as part of the Rule 11 hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

13

1. The defendant is fully competent and capable of entering informed pleas to Counts One, Four and Seven;

2. The defendant is fully aware of the nature of the charges and the consequences of his change of plea to each of these counts;

3. The defendant is fully informed, and he understands, the enumerated items set forth in Rule 11(b)(1)(A)–(N);

4. Before entering his plea, the defendant and the government reached a plea agreement which was reduced to writing;

5. Defendant's entry into the written plea agreement (including the drug weight stipulation) and his tender of pleas of guilty to Counts One, Four and Seven were all made with the advice and assistance of counsel;

6. The defendant's entry of pleas of guilty to Counts One, Four and Seven were made with knowledge and an understanding both of the nature of each offense and the full range of punishment which might be imposed in connection with each;

7. The defendant's pleas of guilty to these three counts are fully voluntary and did not result from any force, threats, or promises other than the one promise contained in the plea agreement (*See* Rule 11(b)(2);

8. The plea agreement complies with the requirements of Rule 11(c)(1);

9. The evidence presents an independent basis in fact containing each essential element of the three offenses to which the defendant is pleading guilty (*See* Rule 11(b)(3); and

10. The evidence presents an independent basis in fact for the defendant's stipulated responsibility for a drug weight "in excess of 1.5 kilograms."

### D. RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned RECOMMENDS that the court accept defendant's pleas of guilty to Counts One, Four and Seven of the Indictment, that the defendant be ADJUDGED GUILTY of that said three offenses, that a sentencing hearing be scheduled before the presiding district judge on April 23, 2007 at 10:00 a.m., and that the government's motion to dismiss

Counts Two, Three, Five, Six, and Twenty-Six to the extent that same applies to the defendant be granted.

### E.   NOTICE TO PARTIES

Notice is hereby given to the provisions of 28 U.S.C. § 636(b)(1)9(c): Within ten (10) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding District Judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within ten (10) days could waive appellate review. At the conclusion of the ten-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The clerk is directed to transmit copy of this Report and Recommendation to all counsel of record.

DATED: 12th day of January 2007.

_____
United States Magistrate Judge