

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal Action No. 5:06CR00038-001 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CELESTE JOSEPH, | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | United States District Judge |

This case is presently before the court on the issue of whether the defendant should receive a reduction in sentence pursuant to the United States Sentencing Commission's retroactive application of the amended guidelines pertaining to crack cocaine. For the following reasons, the court finds no viable reason why the defendant should not receive the benefit of the amendment.

On January 11, 2007, the defendant, Celeste Joseph, pled guilty, pursuant to a written plea agreement, to one count of conspiring to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and two counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(B). Under the advisory sentencing guidelines, the defendant had a total offense level of 38 and a criminal history category of I, resulting in a guideline range of imprisonment of 235 to 293 months. The defendant was ultimately sentenced to a 188-month term of imprisonment, after the government filed a motion for substantial assistance on his behalf.

Pursuant to its statutory authority, the Sentencing Commission amended the sentencing guidelines applicable to criminal cases involving crack cocaine, or cocaine base, effective November 1, 2007. Specifically, the Sentencing Commission amended the drug quantity table set forth in U.S.S.G. § 2D1.1(c), such that crack cocaine quantities were generally lowered by two levels. On December 11, 2007, the Sentencing Commission further decided that, effective March 3, 2008, the amended guideline provisions will apply retroactively to offenders who were sentenced

under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2).

Under the amended guidelines, the defendant has a total offense level of 36, resulting in a guideline range of imprisonment of 188 to 235 months. On February 20, 2008, the court notified the parties that the court proposed to reduce the defendant's term of imprisonment from 188 months to 150 months. The government subsequently objected to the proposed sentence reduction, and the defendant has now filed a response. For the reasons that follow, the court will overrule the government's objections and effect the proposed reduction in the defendant's sentence.

The government makes two objections to the proposed reduction. The government contends that the defendant should not receive a reduction in his sentence because he participated in a significant crack cocaine distribution conspiracy which distributed more than 1.5 kilograms of cocaine base and the defendant has already received the benefit of a 47 month reduction in his sentence based upon the government's motion for substantial assistance. The court finds, however, that all of this conduct was known to the court at the time of sentencing and was fully taken into account when fashioning a proper sentence in this case. The court also notes that the defendant has requested a hearing to present post-sentencing evidence which he claims would be relevant to the court's consideration of the appropriate sentence reduction in his case. In this case, however, the court finds such a hearing unnecessary for lack of good cause shown.

The court notes that in sentencing this defendant, the court relied heavily on the advisory guidelines in establishing a starting point for determining a fair and just sentence. In the court's view, the amendments to the guidelines pertaining to crack cocaine represent a change in the

fundamental philosophy and statistical assessment upon which the advisory guidelines are premised. In accord with this change in philosophy, and having considered the factors set forth in 18 U.S.C. § 3553(a) and U.S.S.G. § 1B1.10, as amended, the court will reduce the defendant's sentence to 150 months. All other terms of the original sentence will remain the same.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 8th day of April, 2008.

_____
United States District Judge